UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 9/19/96**

---

UNITED STATES OF AMERICA, )
           )
       Plaintiff-Appellee, )
    v. ) No. 95-2241
           ) (D.C. No. CR95-189-HB)
DAVEY B. CHANDLER, ) (D. New Mexico)
           )
       Defendant-Appellant. )

---

ORDER AND JUDGMENT[*]

---

Before TACHA, REAVLEY[**] and LUCERO, Circuit Judges.

---

Appellant Davey Chandler's only complaint on appeal is that the district court erred in allowing the government to cross-examine him about his prior DWI conviction. The government offered the evidence as proof of Chandler's motive to evade arrest.

Under FED. R. EVID. 404(b), evidence of prior bad acts, including prior criminal convictions, is not admissible to "prove the character of a person in order to show action in conformity

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.

[**] The Honorable Thomas M. Reavley, United States Court of Appeals, Fifth Circuit, sitting by designation.

therewith," but is "admissible for other purposes, such as proof of motive . . . ." We have construed the rule as calling for an inclusive rather than exclusive approach to the admission of evidence.[1]

A party claiming error in the admission of evidence under Rule 404(b) must clearly show an abuse of discretion by the district court.[2] Here, the government offered a specific reason for introducing evidence of the prior DWI, namely to show motive to evade arrest.[3] There was a plain conflict in the evidence on this issue. Chandler claimed that he did not pull over because his radio was turned up and he did not hear or see the police car behind him. On the other hand, Officer St. Clair testified that he followed Chandler for approximately three miles at speeds of up to 120 m.p.h. before Chandler pulled over, that his emergency equipment is "very obvious," and that he could see his flashers reflecting off Chandler's vehicle.

Chandler admitted to the prior DWI conviction and that he understood the consequences of a second conviction. He was separately charged and tried for driving under the influence of

---

[1] *United States v. Record*, 873 F.2d 1363, 1374-75 (10th Cir. 1989).

[2] *United Stated v. Morgan*, 936 F.2d 1561, 1571 (10th Cir. 1991), *cert. denied*, 502 U.S. 1102 (1992).

[3] *See United States v. Martinez*, 890 F.2d 1088, 1094 (10th Cir. 1989), *cert. denied*, 494 U.S. 1059 (1990) (holding, in prosecution for failure to appear, that district court was well within its discretion in admitting evidence of prior criminal conduct, since such conduct was "highly probative . . . on the issue of [defendant's] motive to avoid arrest . . . .").

2

liquor and evading an officer.  The district court twice instructed the jury that the evidence was offered for the limited purpose of showing motive, at the time the evidence was admitted and in the final charge.[4]  While the district court did not explicitly balance the probative value of the evidence against its potential for unfair prejudice, it implicitly did so by hearing argument on the admissibility of the evidence and denying defendant's motion for mistrial.[5]  In these circumstances we cannot say that the district court committed a clear abuse of discretion.

AFFIRMED.


Entered for the Court

Thomas M. Reavley
Circuit Judge


---

[4]  *See United States v. Harrison*, 942 F.2d 751, 760 (10th Cir. 1991) ("[I]t is preferable for the district court to instruct the jury as to the limited use of Rule 404(b) evidence, both at the time the evidence is admitted and in the court's final charge.").

[5]  *United States v. Easter*, 981 F.2d 1549, 1554 (10th Cir. 1992), *cert. denied*, 508 U.S. 953 (1993).